**In re STATE OF FLORIDA, DEPARTMENT OF STATE, Petitioner-Appellant,**

v.

**TREASURE SALVORS, INC., a corporation, and Armada Research Corp., a corporation, Plaintiffs-Appellees,**

**The Unidentified Wrecked and Abandoned Sailing Vessel, etc., Defendant.**

**No. 78-2950.**

United States Court of Appeals, Fifth Circuit.*

Oct. 29, 1982.

---

* Former Fifth Circuit case, Section 9(1) of Public       Law 96–452—October 14, 1980.

Bernard S. McLendon, Sp. Asst. Atty. Gen., Jacksonville, Fla., for petitioner-appellant.

David P. Horan, Key West, Fla., for plaintiffs-appellees.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before RUBIN and SAM D. JOHNSON, Circuit Judges **.

PER CURIAM:

The Supreme Court has held that the eleventh amendment did not bar the issuance of process to secure possession of the artifacts taken from the *Atocha* and held by state officials, and has affirmed our prior determination upholding execution of the warrant and transfer of the artifacts to Treasure Salvors. *Florida Department of State v. Treasure Salvors, Inc.,* —— U.S. ——, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982). However, the Court reversed our judgment "[t]o the extent that the court determined the State's ownership of the artifacts as part of its Eleventh Amendment analysis . . . ." *Id.* at ——, 102 S.Ct. at 3322, 73 L.Ed.2d at 1078.

The plurality opinion, written by Justice Stevens, held that resolution of the ownership question was unnecessary: "we need not decide the extent to which a federal district court exercising admiralty *in rem* jurisdiction over property before the court may adjudicate the rights of claimants to that property as against sovereigns that did not appear and voluntarily assert any claim that they had to the res." *Id.* at ——, 102 S.Ct. at 3321, 73 L.Ed.2d at 1076. This conclusion was presumably based on the fact that this action is *in rem,* and the State has never appeared voluntarily nor has an effort been made to join it as a defendant. The Chief Justice and Justices Marshall and Blackmun joined this opinion. Justice

White, joined by Justices Powell, Rehnquist, and O'Connor, concurred in the judgment only insofar as it reversed our determination of the State's ownership of the artifacts, noting, "On this point, all members of the Court, except Justice Brennan, are in agreement." *Id.* at —— n.*, 102 S.Ct. at 3324 n.*, 73 L.Ed.2d at 1080 n.*. Although Justice Brennan joined in the judgment, he did not agree with reversal on the question of the district court's determination of ownership as between Treasure Salvors and the State of Florida.

■ While the State of Florida was unwilling to appear and voluntarily assert any claim to the res, it now asserts that we should remand the case to the district court with an order to return all the artifacts to the State of Florida. This ignores the Supreme Court's judgment, quoted above, affirming our majority opinion ordering "transfer of the artifacts to Treasure Salvors." The State asks us then to "examine" the "process by which a federal court may or may not adjudicate the conflicting ownership claims in property." Until the State voluntarily appears in federal court and asserts ownership of the artifacts that issue is not before us; there is simply no case or controversy. U.S.Const. art. III, § 2, cl. 1. *See generally In re Summers,* 325 U.S. 561, 567, 65 S.Ct. 1307, 1311, 89 L.Ed. 1795, 1800, (1945) (case or controversy requirement means parties must seek declaration of rights as they stand, not as they may arise in the future).

■ There is likewise no merit to Treasure Salvors' argument that we should remand the case to the district court with instructions that, if the State does not voluntarily appear, its claim will be forever barred. This result would, of course, be tantamount to requiring the State to litigate in federal court or lose its claim. The Supreme Court made it clear that resolution of the validity of the warrant "does not require—*or permit*—a determination of the

---

** Judge Gewin was a member of the original panel. Due to his death on May 15, 1982, Judge Gewin did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. 46(d).

state's ownership of the artifacts." *Treasure Salvors,* —— U.S. at ——, 102 S.Ct. at 3322, 73 L.Ed.2d at 1078 (emphasis added). Treasure Salvors' lament that, unless this case resolves the ownership issue, the result of seven years of litigation will be inconclusive is, *au fond,* a complaint against the eleventh amendment; the State cannot be forced to litigate a claim to ownership of property in federal court.

The Supreme Court plurality held that the warrant "itself merely secures possession of the property; its execution does not finally adjudicate the State's right to the artifacts." *Id.* at ——, 102 S.Ct. at 3321, 73 L.Ed.2d at 1076. Treasure Salvors has the right under the district court's order to possession of the artifacts even though the State of Florida asserts extrajudicially a claim to own them. The validity or invalidity of that claim is simply not adjudicated by execution of the warrant, by the Supreme Court's decision, or by ours.

We, therefore, AFFIRM the district court's opinion insofar as it directs transfer of the artifacts to Treasure Salvors. Unless the State elects voluntarily to appear and to litigate ownership, the court shall enter final judgment in the usual form for *in rem* actions, decreeing Treasure Salvors to be owner of the artifacts as against all claimants except the State of Florida, but declaring expressly: "This judgment does not determine in any way whether the State of Florida is the owner of these artifacts."[1]

---

1. It is not appropriate, as Treasure Salvors urges, for us to direct that the State be dismissed, because the State has never been joined as a party. It was never sued as a defendant to the *in rem* claim to the artifacts although a supplemental complaint was filed seeking to have the contract between the State and Treasure Salvors declared void. It never appeared voluntarily to seek a judicial decision concerning ownership of the artifacts although it appeared and asserted defenses to the issuance and execution of the arrest warrant. This did not foreclose consideration of the eleventh amendment issue. *Id.* at —— n.18, 102 S.Ct. at 3314 n.18, 73 L.Ed.2d at 1068 n.18.